## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Alvaro YUCAILLA CURICAMA, <br><br> Petitioner, <br><br> v. <br><br> Todd Blanche, Acting Attorney General, <br><br> Markwayne Mullin, Secretary, U.S. Department of Homeland Security, <br><br> David Venturella, Acting Director of Immigration and Customs Enforcement, <br><br> David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, and <br><br> Warden, Sheriff of IAH Polk Secure Adult Detention Center. <br><br> Respondents. | Case No. <u>0:26-cv-3366</u> <br><br> **VERIFIED PETITION FOR WRIT OF HABEAS CORPUS** <br><br> Expedited Handling Requested |

## INTRODUCTION

1. Petitioner, Mr. Alvaro German Yucailla Curicama ("Mr. Yucailla Curicama"), by and through the undersigned attorney, hereby files this petition for a writ of habeas corpus and a complaint for declaratory and injunctive relief to require U.S. Immigration and Customs Enforcement ("ICE") to release Mr. Yucailla Curicama from ICE detention, or in the alternative to enjoin Petitioner's transfer to a facility outside of Minnesota and to provide a bond hearing pending the completion of any immigration proceedings.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1361 (federal employee mandamus action); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 2241 (habeas corpus); Art. I, § 9, c. 2 of the U.S. Constitution ("Suspension Clause"); 5 U.S.C. § 702 (waiver of sovereign immunity); and 28 U.S.C. § 2201 (Declaratory Judgment Act).

3.      Federal question jurisdiction exists because Mr. Yucailla Curicama seeks to challenge this custody as a violation of the Constitution and the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq.

4.      Federal district courts have jurisdiction under 28 U.S.C. § 2241 to hear habeas petitions by noncitizens challenging the lawfulness or constitutionality of their detention by the Department of Homeland Security ("DHS"). *Demore v. Kim*, 538 U.S. 510 516-17 (2003); *Jennings v. Rodriguez*, 138 S. Ct. 830, 839-41 (2018); and *Nielsen v. Preap*, 139 S. Ct. 954, 961-63 (2019).

5.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (e)(1) because Mr. Yucailla Curicama resided in Minnesota prior to his detention. Mr. Yucailla Curicama was quickly transferred out of Minnesota and is currently detained in Livingston, Texas. Nevertheless, 28 U.S.C. §§ 1391(b), (e)(1) allows for habeas actions in may "be brought in any judicial district in which A) the defendant resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. In this case, Mr. Yucailla

2

Curicama resided in Minnesota prior to detention, was in custody of the Minnesota ICE field office, was detained in Minnesota as part of Operation Metro Surge, has family in Minnesota, counsel in Minnesota, and completed his removal proceedings in Minnesota prior to filing an appeal with the Board of Immigration Appeals. Furthermore, Respondents can easily be served in accordance with *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493 (1973) ("So long as the custodian can be reached by service of process, the court can issue a writ "within its jurisdiction" requiring that the prisoner be brought before the court for a hearing on his claim, or requiring that he be released outright from custody, even if the prisoner himself is confined outside the court's territorial jurisdiction").

6.      This Court has found in similar cases that jurisdiction and venue in Minnesota despite transfer outside of Minnesota, as Respondents routinely do within hours of detention because the "immediate custodian rule is not automatic, and the venue for habeas petitions allow for equitable concerns such as convenience and appropriateness of the district," *Jose A. v. Noem*, No. 26-cv-480 (JMB/ECW), 2026 WL 172524 (D. Minn. Jan. 22, 2026) (citing *Luis N. v. Trump,* No. 26-cv-0171 (MJD/SGE) Doc. No. 8 at *3 (D. Minn. Jan. 16, 2026) (citing *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 493 (1973)). In this case, Respondent was detained in Minnesota and has extensive ties to Minnesota. The only connection to Texas in this case is due to the Respondents' decision to transfer the Petitioner out of Minnesota following his arrest and continue his unlawful detention there. To deny venue in Minnesota would allow Respondents to forum shop by making near

3

immediate decisions to transfer detainees out of custody in Minnesota, a decision that is wholly out of the control of the Petitioner.

7. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(A), because Respondents are operating in this district.

## **PARTIES**

8. Petitioner is a citizen of Ecuador and a resident of Eden Prairie, Minnesota, who is currently being held at the IAH Polk Secure Adult Detention Facility in Livingston, Texas. Petitioner is under the direct control of the respondents and has no scheduled release date.

9. Respondent Todd Blanche is being sued in his official capacity as the Attorney General of the United States and the head of the Department of Justice. Attorney General Blanche shares responsibility for implementation and enforcement of the immigration detention statutes, along with Respondent Mullin, Attorney General Blanche is a legal custodian of Mr. Yucailla Curicama.

10. Respondent Markwayne Mullin is being sued in his official capacity as the Secretary of the Department of Homeland Security. In this capacity, Secretary Mullin is responsible for the administration of the immigration laws pursuant to 8 U.S.C. § 1103(a), routinely transacts business in the District of Minnesota, supervises the Fort Snelling ICE Field Office, and is legally responsible for pursuing Mr. Yucailla Curicama's detention and removal. As such, Respondent Mullin is a legal custodian of Mr. Yucailla Curicama.

4

11.     Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement and is sued in his official capacity. Defendant David Venturella is responsible for Petitioner's detention.

12.     Respondent David Easterwood is being sued in his official capacity as the Acting Field Office Director for the Fort Snelling Field Office for ICE within DHS. In that capacity, Field Director Easterwood has supervisory authority over the ICE agents responsible for detaining Mr. Yucailla Curicama. The address for the Fort Snelling Field Office is 1 Federal Drive, Fort Snelling, Minnesota 55111.

13.     Respondent Warden of IAH Polk Secure Adult Detention Facility is being sued in his official capacity as the Warden responsible for the IAH Polk Adult Detention Facility. Because Petitioner is detained in the IAH Polk Adult Detention Facility, Warden has immediate day-to-day control over Petitioner.

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

14.     Petitioner is a resident of Eden Prairie, Minnesota, and a citizen of Ecuador, and has lived in the United States since May 2021.

15.     Mr. Yucailla Curicama has a pending appeal before the Board of Immigration Appeals contesting the denial of his asylum application before the immigration judge and does not have a final order of removal.

16.     Mr. Yucailla Curicama is married to Maria Morocho Agualsaca, who is pregnant with their child. The two lived together in Eden Prairie prior to Mr. Yucailla Curicama's detention. She is due in July 2026 and desperately needs her husband's support with their child.

17. Respondent ICE arrested Mr. Yucailla Curicama on January 26, 2026, when he reported for a scheduled ICE check in.

18. This arrest is part of an operation in Hennepin and Ramsey counties called "Operation Metro Surge." This operation has involved hundreds of masked, unidentified individuals in unmarked vehicles (many with illegally covered or mismatched license plates) holding themselves out as ICE agents but largely refusing to identify themselves by name or to present warrants, physically assaulting pedestrians, pepper spraying and arresting citizen observers, hitting passersby with vehicles, and generally attempting to take as many immigrants as possible into custody regardless of the constitutionality of their actions. *See*, e.g., Compl., *Tincher et. al. v. Noem*, No. 0:25-cv-04669. (D. Minn. 12/17/2025).

19. During the operation which began on December 1, 2025, the number of immigration officials in the twin city metro area increased fourfold, and with them these new agents have brought a similarly massive increase in unconstitutional, unlawful, and downright violent behavior towards citizens and non-citizens alike. The people of Minnesota–of all races, nationalities, and citizenship status–are united in their shock and fear at the events of the past six months and are begging for the attacks on their community to stop.

20. Given the massive volume of perceived non-citizens being taken off the streets, Respondents are running out of physical space to continue detaining people. Detainees are being held in cramped quarters at the federal building, before being

6

quickly sent to remote locations across Minnesota or to facilities as far away as El Paso, Texas.

21.    In Mr. Yucailla Curicama's case, Petitioner has been brought to the IAH Polk Secure Adult Detention Facility in Livingston, Texas. This facility is over 1,100 miles from his home in Eden Prairie. He has been detained for roughly six months.

22.    Detaining Mr. Yucailla Curicama is an expensive and pointless endeavor. Mr. Yucailla Curicama respectfully seeks the opportunity to return home and to continue following the legal processes set up by Congress and DHS for immigrants to seek status in this country.

23.    Pending the adjudication of this Petition, Mr. Yucailla Curicama further seeks an order returning Mr. Yucailla Curicama to Minnesota and restraining the Respondents from transferring Petitioner to a location outside of the State of Minnesota, so that the jurisdiction of this Court is not impeded, and so that Petitioner remains accessible to legal counsel and loved ones.

## STANDARD OF LAW

24.    Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The "Great Writ" has been referred to by US Courts as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). A petitioner may seek a writ of habeas corpus when their custody violates the US Constitution or a federal law. 28 U.S.C. § 22441(c)(3), which should be granted if the

7

petitioner meets their burden of proof–a preponderance of evidence. *Aditya W. H. v. Trump*, 782 F. Supp. 3d 691, 703 (D. Minn. 2025).

25.    Detained immigrants petitioning under 28 U.S.C. § 2241 face no statutory exhaustion requirements. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025). Nor is a judicially imposed prudential exhaustion requirement appropriate where, as here: time is of the essence, facts are largely undisputed, and the parties' disagreement is based on a legal conclusion. *Id*. at 967-68.

26.    Other courts in the Eighth Circuit have similarly declined to require prudential exhaustion when evaluating a detained immigrant's habeas corpus petition under similar circumstances–to address a question of statutory interpretation that does not require developing a factual record, and where the agency is demonstrably unlikely to reverse its course. *Giron Reyes v. Lyons*, 2025 WL 2712427 at *3 (N.D. Iowa Sept. 23, 2025).

27.    "[T]he Due Process Clause applies to all 'persons' within the United States, including [immigrants], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

## CLAIMS FOR RELIEF

### COUNT ONE

### Fifth Amendment Due Process

*Respondents are Confining Petitioner without A Valid Legal Basis or any Semblance of Due Process.*

28.     Petitioner realleges and incorporates by reference the allegations contained above.

29.     Mr. Yucailla Curicama has due process rights as a resident of the United States.  *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Respondent has been detained for one hundred and seventy-six (176) days.

30.      Federal courts use the three-part test in *Matthews v. Eldridge* to determine whether civil detention violates a detainee's due process rights. 424 U.S. 319 (1976). The elements of this test are: (1) the private interest that the official action affects; (2) the risk that the procedures used will result in an erroneous deprivation of the private interest, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the Government's interest in following the existing procedures, both in achieving their objectives and in the potential burdens of an alternate procedure. *Id*. at 335.

31.     Here, all three factors favor the petitioner. First, Mr. Yucailla Curicama has a significant private interest at stake. A person's interest in freedom from physical detention is "the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529, 124 S.Ct. 2633, 159 L.Ed.2d 578 (2004); see also *Zadvydas*, 533 U.S. at 690, 121 S.Ct. 2491 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."). Mr. Yucailla Curicama is wrongfully confined, a direct attack on Petitioner's liberty interests.

32.     Second, Mr. Yucailla Curicama will continue to be deprived of this interest if the current procedure (detaining Mr. Yucailla Curicama without due process of law) is followed.

33.     Lastly, the Government has no legitimate interest in refusing to follow its own rules. Mr. Yucailla Curicama poses no safety threats to the community. He has no significant criminal history. Releasing Petitioner, or at a minimum holding a bond hearing, would in fact *save* the government the resources and expense of continued imprisonment.

34.     The placement of Mr. Yucailla Curicama in detention pending the resolution of ongoing immigration proceedings and appeal before the Board of Immigration Appeals violates Mr. Yucailla Curicama's constitutional rights to due process guaranteed in the Fifth Amendment.

## REMEDY

35.     An available remedy for Respondents' unlawful conduct as outlined in this complaint is for Petitioner to be released.

36.     Immigration detention is civil in nature, and as a result Congress must have expressly authorized it by statute, and the detention must be reasonably related to its statutory purpose. *Zadvydas v. Davis*, 533 U.S. 678, 687, 690 (2001) (quoting *Jackson v. Indiana*, 406 U.S. 715, 738 (1972)).  Detention here serves no statutory purpose, there is no indication that Petitioner's detention was based on any facts that might indicate that Petitioner should be in custody for some reason.

37.     When a habeas petitioner's detention is without legal basis, the typical remedy is release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for "unlawful executive detention").

38.     Respondents will no doubt argue, as they have in similar cases before this Court, that if the Court rules that Petitioner should have been detained pursuant to § 1226, instead of § 1225, then the remedy is a bond hearing as opposed to outright release. *See*, e.g., *Ahmed A.* Civ. No. 25-4776, Doc. No. 9. at 9-10.

39.     Nor here would § 1226(a) have supported a lawful detention in the first instance. Detention under § 1226(a) would require a warrant issued by the Attorney General. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961 (D. Minn. 2025). To put this plainly: "absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *See also Ahmed M. v. Bondi et al.*, 2026 WL 25627, *3 (D. Minn. Jan. 5, 2026) (quoting *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437-SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025)). Upon information and belief, Respondents had no such warrant prior to detaining Mr. Yucailla Curicama.

40.     Furthermore, a custody determination has already been made. Since his entry into the United States, Mr. Yucailla Curicama was ordered to report to Immigration Customs and Enforcement on the schedule provided by the agency. He consistently reported on that schedule. In that intervening time, no facts appear to indicate that this initial determination to release Petitioner was somehow insufficient, or that Petitioner's circumstances or actions have changed so as to now suddenly warrant physical detention.

## REQUEST FOR ORDER TO SHOW CAUSE

41.     Within three days, unless good cause for a delay is shown, "[a] court, justice or judge entering a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

42.     The Undersigned Attorney Patrick F. Hellier on behalf of Petitioner, respectfully requests that the Court issue an Order to Show Cause directing Respondents to file a return within three days of the Court's order, showing cause, if any, why a writ of habeas corpus should not be granted.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief;

(1)  Assume jurisdiction over this matter;

(2) Order Respondents to return Mr. Yucailla Curicama to Minnesota and enjoin Respondents from transferring Petitioner out of the District of Minnesota pending the duration of these proceedings;

(3)  Issue an Order requiring Respondents to show cause as to why Petitioner should not be released immediately, or in the alternative afforded a bond hearing;

(4)  Alternatively, issue a writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing under 8 U.S.C. § 1226(a) within seven days;

(5) Include in the Order that all the Petitioner's belongings must be released with him;

and

(6)   Grant any other and further relief that this Court may deem just and proper.

Date:  07/21/2026

/s/ Patrick F. Hellier
Patrick F. Hellier, Esq.
*Attorney for Petitioner*
Attorney Reg: 0401816
Zimmer Law Group
155 Wabasha St. S. Suite 100
St. Paul, MN 55107
phellier@zimmigration.com
(612) 500-4327

## Verification by Someone Acting on
## Petitioner's Behalf Pursuant to 28 U.S.C. § 2242

I am submitting this verification on behalf of Petitioner because I am Petitioner's attorney. I have discussed the factual assertions in this petition with the Petitioner from his place of confinement, Petitioner's family, and Petitioner's and friends, who are also acting on Petitioner's behalf and who I understand to have personal knowledge of the facts alleged herein. I hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus, including the statements regarding Petitioner's detention status, are true and correct to the best of my knowledge.


Date:  07/21/2026                              /s/ Patrick F. Hellier_____
                                               Patrick F. Hellier, Esq.

14